UNITED STATES of America, Plaintiff,

v.

BOB CHRISLAW, INC., et al., Defendants.

ROCKWOOD & CO., Third-Party Defendant-Appellant,

v.

Ethel CHRISLAW, Fourth-Party Defendant-Appellee.

No. 14839.

United States Court of Appeals Seventh Circuit.

Feb. 24, 1965.

888

Walter S. Davis, Milwaukee, Wis., Hoebreckx, Davis & Vergeront, Milwaukee, Wis., John G. Vergeront, Milwaukee, Wis., of counsel, for appellant.

Lloyd J. Paust, Columbus, Wis., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Appellant, Rockwood & Co., third party defendant, brought action against fourth party defendant-appellee, Ethel Chrislaw, to collect on her written guaranty for another's debts. By stipulation of the parties, the matter was submitted to the District Court solely on the issue of whether or not appellee was entitled to summary judgment on the ground that the guaranty was unenforceable for lack of consideration. The District Court did hold the guaranty to be unenforceable on its face. Judgment was entered dismissing appellant's complaint, and this appeal followed.

On August 5, 1957, Bob Chrislaw, Inc., contracted with the Commodity Credit Corporation, a United States Government agency, to store some of the C.C.C.'s surplus products, for which the Chrislaw company bought steel bins from James Mfg. Co. to store such grain, under a conditional sales contract dated October 17, 1957, which called for payment of $21,499 over a four-year period.

On or about October 3, 1958, but effective from August 5, 1957, the Chrislaw company obtained the requisite bond, to protect the C.C.C. against loss of its products, from American Automobile Insurance Company.

To induce American Automobile to bond the Chrislaw company, James Mfg. Co. had agreed on September 9, 1958, to indemnify the insurance company.

On December 30, 1958, Rockwood & Co. succeeded to all the rights and liabilities of James Mfg. Co. in this transaction, continuing to operate James Mfg. Co. as a division of Rockwood & Co.

On June 22, 1960, Rockwood & Co. obtained an agreement of guaranty and indemnity which read in pertinent part, as follows:

"To James Mfg. Co., a Division of Rockwood & Co.

Fort Atkinson, Wisconsin.

"In consideration of one dollar ($1.00), the receipt of which is hereby acknowledged, and in further consideration of the agreement by James Mfg. Co. to enter into a refinancing extension agreement with my son, Bob Chrislaw, as a result of a conditional sale contract executed October 17, 1957, in your favor, the undersigned hereby guarantees to you any amount which you may be called upon to pay in connection with a claim of Commodity

Credit Corporation, against Bob Chrislaw, Inc., or Bob Chrislaw, individually.

"This guarantee is executed by me voluntarily and is specifically given for the purpose of inducing you to arrange the extension of the conditional sale contract so that Bob Chrislaw, Inc., and Bob Chrislaw, may retain the 22 grain bins purchased under this conditional sale contract.

"IN WITNESS whereof I have set my hand this 22nd day of June 1960.

"/s/ Mrs. Ethel Chrislaw
Mrs. Ethel Chrislaw"

An extension and refinancing of the conditional sales contract was arranged and executed in July, 1961. The parties to that agreement were James Mfg. Co., a Division of Rockwood & Co., Bob Chrislaw, Inc., and Mrs. Ethel Chrislaw as guarantor. That agreement contained the following provisions:

"[T]he seller has now consented and agreed to an extension of time for three years on condition that the monthly payments be maintained as hereinafter set forth and that the payment of said obligation when due will be guaranteed by Mrs. Ethel Chrislaw of Route 2, Randolph, Wisconsin;

\* \* \* \* \*

"In consideration of the sum of $1.00 to her in hand paid by the seller, and in further consideration of the execution by it of this agreement extending the time for payment as herein provided as to the buyer, the undersigned Mrs. Ethel Chrislaw, herein called the guarantor, does hereby guarantee to the said seller, James Mfg. Co., its successors and assigns, the full and complete payment of all indebtedness of the said buyer to the said seller \* \*."

On January 30, 1963, the United States filed a complaint charging default on the promise of the Chrislaw company to store and keep safe C.C.C.'s products. The defendants were Bob Chrislaw, Inc., and its surety, American Automobile Insurance Company, which in turn sued appellant on its indemnity, and appellant sued appellee on her agreement to indemnify.

By a Settlement Agreement, the United States' claim against the Chrislaw company and American Automobile was settled; the claim of American Automobile against appellant was settled; the status quo in the fourth party action between appellant and appellee was preserved. All the parties to the actions, including Mrs. Chrislaw, were parties to that Settlement Agreement.

In reviewing a grant of summary judgment, all inferences to be drawn from the underlying facts contained in the pleadings must be viewed in the light most favorable to appellant. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

No issue of fraud is presented to us. Consideration is stated in the document of June 22, 1960. James Mfg. Co. agreed to refinance and extend its agreement with the Chrislaw company, and later did in fact refinance and extend the agreement. Whether this constituted any benefit to Mrs. Chrislaw herself, or not, James Mfg. Co. clearly suffered a detriment, which constituted consideration for the promise to indemnify. Home Savings Bank v. Gertenbach, 270 Wis. 386, 71 N.W.2d 347, 352, 72 N.W.2d 697 (1955) and cases there cited. The benefit which moved from the indemnitee to the third person, the Chrislaw company, was sufficient consideration for Mrs. Chrislaw's promise. May Tire & Service Inc., v. Sinclair Refining Co., 240 Wis. 260, 3 N.W.2d 347, 350, and authorities there cited.

We cannot agree with appellee's argument that the extension of July, 1961, superseded the document of June, 1960, rendering null and void Mrs. Chrislaw's promise to guarantee any amount which appellant might be called upon to pay in connection with a claim of the C.C.C.

The summary judgment in favor of appellee is reversed and the cause is remanded to the District Court for further proceedings in accordance with this opinion.

Reversed and remanded with directions.