**EDOCO TECHNICAL PRODUCTS, INC., Plaintiff-Appellant,**

v.

**PETER KIEWIT SONS' CO., and the B. F. Goodrich Company, Defendants-Appellees.**

**No. 22208.**

United States Court of Appeals
Ninth Circuit.

May 28, 1969.

Rehearing Denied July 3, 1969.

---

Francis A. Utecht (argued), of Fulwider, Patton, Rieber, Lee & Utecht, Long Beach, Cal., for appellant.

Harlan P. Huebner (argued), and Herbert A. Huebner (argued), of Huebner & Worrel, Albert L. Gabriel, Los Angeles, Cal., William A. Shira, Akron, Ohio, of counsel, for appellees.

tion is begun within two years after such claim accrues * * *."

Before CHAMBERS and MERRILL, Circuit Judges, and SMITH, District Judge.*

MERRILL, Circuit Judge:

Appellant brought suit for infringement of patent and has taken this appeal from summary judgment rendered in favor of the defendant upon the ground of lack of infringement.

The patented device relates to paving and is designed to control the cracking of pavement as it contracts on drying and to seal the cracks against the seepage of water. The device is a resilient strip that is, along the desired line of fracture, embedded in the pavement while it is being poured. In its cross section it is cruciform, the vertical arms tapering from the center to top and bottom and the horizontal arms being serrated. The top vertical arm provides a continuing band running close below the pavement surface which causes fracturing in alignment with it. The horizontal arms provide water stops so that water seeping through the facture cannot penetrate to work erosion beneath the pavement. The serrations serve to anchor the strip to the cement on either side.

The accused device is similar in function and very similar in appearance. It also, in cross section, is cruciform but without the elaborations of taper and serration. It is essentially a simple cross. It was on the basis of lack of taper and serration that the District Court determined lack of infringement. Relying on the doctrine of equivalency the appellant claims, with justification, that the accused device performs the identical function in substantially the same manner as does the patented device.

▆▆▆▆ On appeal the issue resolves itself into one of file wrapper estoppel. The District Court concluded that appellant was estopped to expand its claims to encompass the accused device. We agree. A study of the file wrapper discloses that it was only after appellant had specified the taper that the patent was allowed.

At the outset the vertical arm was described as "an elongated vertically extending band." After rejection on the basis of prior art, this was amended to "an elongated vertically extended paving fracturing band." To meet further rejections it was further amended to "an elongated vertically extended paving fracturing band of lesser height than the depth of the paving section, said band having its upper end disposed below the upper surface of said paving section." This, too, was rejected and the present claims emerged: "An elongated vertically extending paving fracturing band of lesser height than the depth of said paving section, said band having its upward portion tapering upwardly for a distance greater than the thickness of said band to provide a continuous straight edge below the upper surface of said paving section."

The specifications of the application were amended to include the new language. Also in remarks submitted to the Patent Office with the amended claims appellant emphasized the new language. "The new claims specifically recite the appellant's paving fracturing band as having an upper portion tapering upwardly for a distance greater than the thickness of the band to provide a continuous straight edge below the upper surface of the paving section."

Appellant on this appeal belittles the taper as serving no functional purpose. It emphasizes the claims' language "to provide a continuous straight edge below the upper surface of said paving section." This, it contends, is the meat of its final amendment.

But this feature was present in its prior efforts, although not so carefully spelled out. It is implicit in appellant's concept of a "fracturing band" with "its upper end disposed below the upper surface of said paving section" on which basis appellant had sought unsuccessfully to distinguish prior art. To adopt appel-

---

* Honorable Russell E. Smith, Chief United States District Judge for the District of Montana, sitting by designation.

lant's contention in effect would be to grant it a patent on prior claims that were expressly rejected by the Patent Office.

Modest as the taper's contribution may be to prior art, it appears from the file wrapper to be the only contribution that the Patent Office was willing to concede that appellant had made.

Appellant contends that genuine issues of fact remain to be resolved respecting file wrapper estoppel and that resolution of these issues by summary judgment was improper.

Affidavits filed by appellant in opposition to the motion for summary judgment argued that the taper was not the crucial point of novelty. The District Court ruled that the clear implications of the file wrapper could not be contradicted and that the affidavits thus presented no genuine issue of material fact. We agree.

Judgment affirmed.