MICRO–PROBE INCORPORATED, a
California Corporation, Plaintiff,

v.

WENTWORTH LABORATORIES, INC.,
a corporation, Defendant.

No. CV 76–1751–DWW.

United States District Court,
C. D. California.

April 5, 1977.

Whann & McManigal, R. Welton Whann, Los Angeles, Cal., Fredman, Silverberg & Lewis, Inc., Welton B. Whann, James E. Clevenger, Jr., San Diego, Cal., for plaintiff.

Dennis C. Brown, Munger, Tolles & Rickershauser, Los Angeles, Cal., James M. Rhodes, Jr., Hopgood, Calimafde, Kalil, Blaustein & Lieberman, New York City, for defendant.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

DAVID W. WILLIAMS, District Judge.

This is a patent action for declaratory relief in which Plaintiff Micro-Probe Inc. seeks, *inter alia*, a judicial declaration that U.S. Patent No. 3,849,728, granted November 19, 1974 to Defendant Wentworth Laboratories, Inc. is invalid, and that Plaintiff is not now infringing and has never infringed that patent by the manufacture and sale of fixed point probe cards. Defendant has counterclaimed for patent infringement and requested that the case be tried before a jury. Focus is placed on claim 1 of the patent which teaches a particular type of probe card; a probe card being a means for connecting an integrated circuit pattern to be tested to the testing equipment. Plaintiff advances two alternative grounds for its motion for partial summary judgment. First, it contends that claim 1 of the patent is invalid under 35 U.S.C. § 102(b) because the invention was on sale, sold, and in public use in the United States more than one year prior to the date of the application for patent. Second, it contends that if claim 1 is valid, then its scope is limited by file wrapper estoppel and Defendant is therefore estopped to construe claim 1 as covering Plaintiff's probe cards.

I reject Plaintiff's first ground for partial summary judgment. After carefully considering the evidence offered in the form of affidavits and depositions, I conclude, drawing all inferences against Plaintiff as I must, *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), that Plaintiff has not presented evidence sufficiently clear and convincing to disprove the existence of all genuine issues of material fact as to the invalidity of claim 1 of the patent. *Moon v. Cabot Shops, Inc.*, 270 F.2d 539, 541 (9th Cir. 1959); *Paraffine Companies v. McEverlast, Inc.*, 84 F.2d 335, 339 (9th Cir. 1936).

■ However, I do find merit in Micro-Probe's second ground—that of file wrapper estoppel—and therefore grant partial summary judgment for Plaintiff on that

theory, as precedent allows me to do. *Edoco Technical Products, Inc. v. Peter Kiewit Sons' Co.*, 411 F.2d 988 (9th Cir. 1969); *Oregon Saw Chain Corp. v. McCulloch Motors Corp.*, 323 F.2d 758 (9th Cir. 1963). The doctrine of file wrapper estoppel is a rule of construction which estops a patentee from broadening his patent claims, by interpretation, to cover subject matter voluntarily surrendered in order to gain allowance of more restricted claims. *I. T. S. Rubber Co. v. Essex Rubber Co.*, 272 U.S. 429, 444, 47 S.Ct. 136, 71 L.Ed. 335 (1926). While the doctrine is normally applied where a patentee has voluntarily narrowed a claim in the face of a rejection by the Patent Office, it equally applies where, as here, the patentee voluntarily narrowed the scope of a claim before any office action was taken. *Pacific Spring Engineering Corp. v. Sloss & Brittain*, 171 U.S.P.Q. 26, 28 (C.D.Cal.1971). More specifically, when an applicant, in response to objections by the Patent Office on the basis of prior art, acquiesces and voluntarily narrows his claim, he is thereafter estopped to construe those claims to be coextensive in breadth with his original claims. A limiting amendment constitutes a disclaimer and abandonment of all that is embraced in the differences between the original claims and the limited claims.

■ Applying the law to the facts of this case, applicant Evans, Defendant's assignor of the patent, in his October 16, 1973, Preliminary Amendment narrowed the scope of original claim 1, whose breadth was sufficient to encompass *any* means of effectuating the planarization and alignment of the needle points, including grinding or sanding them. In order to avoid the prior art discovered in the pre-examination search mandated by law, applicant Evans voluntarily surrendered the broad claim, narrowing its scope to the effectuation of planarization and alignment at the point of attachment of the needle-holders. This amendment did not satisfy the Patent Office, and what ensued was a volleying back and forth between the applicant and the Patent Office as to the terms of claim 1 of the patent. Ultimately, the applicant received his patent because he was able to demonstrate a

contribution to the art—his advance over the prior inventions—of the planarization and alignment of the needle points at the point of attachment, in order to eliminate the necessity of grinding the points, and before soldering the needle-holders in place, in order to negate the effects of board warpage. It is that contribution, and that contribution only, upon which the Patent Office granted claim 1. Further, the exchange between applicant Evans and the Patent Office makes clear that the planarization method utilized in claim 1 of the patent is specifically designed to effectuate a sharp needle point.

Given this history of Defendant's patent, the conclusion is inescapable that the scope of claim 1 is limited by file wrapper estoppel to a blade-type fixed point probe card in which planarization and alignment of the needle points are effectuated (1) at the point of attachment of the needle-holders to their respective pads and (2) before they are attached, and (3) in which the needle points are not flat. Since Plaintiff's card planarization and alignment are not effectuated at the point of attachment of the needle-holders to the pads and before they are soldered to the pads, and the needle points are flattened by sanding, there is no infringement by Plaintiff of claim 1 of Defendant's patent.

Adding greater credence to such a conclusion is the fact that the disclosures of the drawings and specification of Defendant's patent are inconsistent with the method for effectuating planarization and alignment utilized by Plaintiff's card. This is of consequence because patent claims are to be construed in light of specifications, *United States v. Adams*, 383 U.S. 39, 50, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966), and are construed to cover the "real invention as found in the specifications and drawings." *Del Francia v. Stanthony Corp.*, 278 F.2d 745, 747 (9th Cir. 1960).

In light of the above discussion, I hold that as a matter of law Plaintiff's invention does not infringe claim 1 of Wentworth's patent, and therefore partial summary judgment on behalf of Plaintiff Micro-Probe Incorporated is granted.

So Ordered.