**Robert BRUNO, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO, LOCAL UNION NO. 3571 and U. S. M. Corporation, Defendants.**

**Civ. No. N–76–398.**

United States District Court,
D. Connecticut.

Sept. 1, 1978.

Donald C. Simmons, Voog, Simmons & Voog, Waterbury, Conn., for plaintiff.

William F. Joy, Robert P. Joy, Morgan, Brown, Kearns & Joy, Boston, Mass., Thomas J. McHale, Gager, Henry & Narkis, Waterbury, Conn., John F. McMahon, Angoff, Goldman, Manning, Pyle & Wanger, Boston, Mass., Bertram Diamond, Stamford, Conn., for defendants.

### RULING ON MOTION FOR SUMMARY JUDGMENT

BURNS, District Judge.

In this action for declaratory and other relief brought under the Labor-Management Act (29 U.S.C. § 141 et seq.), plaintiff claims that the defendants have conspired against him with the result that he has been deprived of his right to fair representation by the defendant union in an arbitration proceeding.

For twelve years prior to September 5, 1975, plaintiff had been employed by defendant U.S.M. Corporation ("the company"), a company engaged in the manufacture and sale of heavy machinery for the plastics and rubber industry.

On August 6, 1973, the defendant Steelworkers Union ("the union") entered into an exclusive bargaining agreement covering plaintiff and other employees in the bargaining unit. This agreement provides that proper cause must be shown before an employee can be discharged, and it establishes a grievance procedure, ending in arbitration, for the final disposition of grievances.

On September 5, 1975, after a spotty employment history (a prior discharge, vacated

in arbitration, and in the sixteen months preceding September, 1975, eight incident reports, three written warnings and one 3½ day suspension), plaintiff was discharged after he was seen off company property without having punched out or having obtained permission to leave.

Plaintiff claims that there was no "proper cause" for his dismissal and that the true reason for his discharge was that both the company and the union wanted him out of the way—the company because it was angry at having lost when plaintiff brought his prior discharge to arbitration, and the union because union officials had secretly disliked him ever since he had worked during a strike staged by the union.

In this action plaintiff alleges that the union and the company conspired to assure the upholding of plaintiff's discharge by agreeing not to mention during the arbitration proceedings instances where employees had been found to have breached the company's rules more severely and yet had received more lenient treatment. Plaintiff claims that this conspiracy resulted in a breach by the union of its statutory duty of fair representation owed to plaintiff under 29 U.S.C. § 185 (see *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)).

■ To prove a civil conspiracy, plaintiff must show a combination of two or more parties acting together to accomplish either an unlawful purpose or, more appropriate to this case since upholding of discharge is lawful if proper, to accomplish some purpose, not unlawful in itself, by unlawful means. 16 Am.Jur.2d *Conspiracy* § 43 (1964). In addition, plaintiff must show that the primary purpose of the conspiracy was to cause injury to another and that the plaintiff actually was damaged as a result of the conspiracy. *Id.*

■ The motions currently before this court are defendants' motions for summary judgment. The function of a summary judgment proceeding is a prompt conclusion to a matter in controversy when it is established that a party is entitled to judgment

as a matter of law because "there is no genuine issue as to any material fact", Rule 56(c) Fed.R.Civ.P. In testing the merits of a motion for summary judgment, the Court, in order to avoid the denial of fundamental trial rights, must view the evidentiary record submitted on motion and "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 . . . (1962) . . " *Heyman v. Commerce & Industry Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975).

The record before the Court shows that plaintiff has effectively withdrawn most of his critical factual allegations. For instance, in his complaint plaintiff alleges that information about instances of misconduct by others was withheld at the arbitration proceeding (par. 9). But in his deposition, plaintiff admits that the union did bring to the arbitrator's attention some incidents involving other employees. (p. 25). Furthermore, the arbitrator's award indicates that the arbitrator did consider other cases (those of David Burney and Gilmore Wallace) and decided that the variation between these cases and plaintiff's, as regards discipline, appeared reasonable (award p. 7) and that plaintiff's discharge was for proper cause.

Again in his complaint, plaintiff alleges a conspiracy (par. 9), but in his deposition (pp. 26 & 27) plaintiff admits he has no evidence whatever to support a charge of conspiracy and that the only agreement between the company and the union not to bring up a previous incident disposition was with respect to one Johnson, which matter was in fact brought up before the arbitrator (pp. 28–30), and the transcript of the proceedings before the arbitrator (pp. 45–47) show the union attempted to bring the Johnson case, which had been resolved on a nonprecedent basis, before him.

Finally, in his complaint plaintiff charges that the union vice-president John A. Barry ("Beery" in the complaint) was secretly hostile to plaintiff and had labelled him a scab. Yet plaintiff's deposition shows his relations

with Barry were cordial (p. 27) and that plaintiff's belief that Barry was hostile to him was founded on plaintiff's feelings alone (p. 28).

Even after these admissions, plaintiff contends that summary judgment is not proper because plaintiff has pending a motion to compel discovery. Plaintiff claims that the granting of the motion and the resulting discovery would provide factual material which would support his case. However, plaintiff's motion is directed to the examination of disciplinary records of other workers. Even if plaintiff were to find by such discovery that other workers had been treated more leniently after offenses more serious than plaintiff's, these facts would not tend to prove that the union and the company had worked in concert to keep knowledge of these incidents from the arbitrator.

Since no evidence has been or, to plaintiff's knowledge, can be adduced to support an allegation of concerted action, and since concerted action is an essential element of conspiracy, the plaintiff's claim of breach of statutory duty of fair representation by a conspiracy of silence must fail.

Nevertheless, this Court is reluctant to grant summary judgment if any possible construction of the complaint will suffice to state a cause of action based upon facts which are genuinely in dispute. Construed generously, the complaint may allege a cause of action against the union for breach of the duty of fair representation by its silence, even absent a conspiracy. To prevail on this claim, however, plaintiff must prove bad faith, ill will, or spite on the part of the union. Mere negligence in preparation and presentation of a union member's case will not suffice. *Hines v. Local 377, Int'l Bhd. of Teamsters,* 506 F.2d 1153 (6th Cir. 1974).

There is no indication that plaintiff has a shred of real evidence which would tend to prove that the union acted out of spite, ill will or bad faith. In his deposition, plaintiff admitted that his allegations of the union's hostility were based on a "feel-

ing" he had (p. 28). Opposition to a motion for summary judgment cannot be based on mere suspicion alone. *Griffin v. Griffin,* 327 U.S. 220, 235–36, 66 S.Ct. 556, 90 L.Ed. 635 (1946).

Since the discovery plaintiff seeks cannot support elements which are indispensable to plaintiff's case and since plaintiff has provided the Court with no evidence which would support a claim of breach of duty, defendants' motions for summary judgment are granted.

SO ORDERED.