**Christine EPSTEIN, Plaintiff,**

v.

**SECRETARY, UNITED STATES DEPARTMENT OF the TREASURY,
Defendant.**

**No. 82 C 0040.**

United States District Court,
N.D. Illinois, E.D.

Dec. 20, 1982.

Sheila Reilly, Chicago, Ill., for plaintiff.

Steven A. Miller, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Christine Epstein ("Epstein") has sued the Secretary of the Department of the Treasury ("Secretary") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).[1] Epstein has moved for summary judgment on the issue of liability under the Equal Pay Act.[2]

---

1. Epstein sues also under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), but that aspect of her suit is not relevant to her present motion.

2. This is the description of her motion given at Epstein's Mem. 5, though the motion itself sought "summary judgment in accordance with Rule 56" without distinguishing between liability and damages issues or among her three

*Facts*[3]

In December 1979 Epstein was appointed a GS–7 grade Administrative Officer ("A.O.") in a Chicago office of the Treasury Department's Bureau of Alcohol, Tobacco and Firearms ("Bureau"). At about the same time three other persons, two female and one male, received similar A.O. appointments at three other Bureau offices. In April 1980 James Hester ("Hester"), the male A.O., was promoted to GS–9, but none of the female A.O.'s was promoted.

On August 11, 1980 Epstein's Chicago supervisor certified a new "Position Description" for her duties, substantially the same as the description covering Hester's new GS–9 position. That certification was later approved as correct by regional personnel officers in Cincinnati.

Epstein's Chicago supervisor then requested her promotion to GS–9 based on the approved Position Description. In accordance with a directive from the Chief of Bureau's Personnel Division, the supervisor's promotion request was sent to a Chicago personnel office, which independently concluded Epstein's duties should be classified at the GS–9 grade. Nevertheless Bureau denied Epstein's promotion to GS–9. Epstein then met the jurisdictional prerequisites to suit, and this action followed.

According to Secretary the denial of Epstein's reclassification was based on three reasons:[4]

(1) In fact the majority of her work is performed at levels lower than GS–9.

(2) Proper classification of Epstein's actual position is a GS–7 rating.

(3) Epstein does not have substantive decision-making authority, as does Hester (the one contemporaneously hired A.O. promoted to GS–9).

*Equal Pay Act Claim Against the United States*

■ As a threshold matter Secretary contends (Ans.Mem. 1–2) Title VII is the exclusive remedy for federal employment discrimination claims, citing *Brown v. General Services Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). *Brown* held Congress intended its 1972 amendments to Title VII to preempt other administrative and judicial remedies that may have been available to plaintiffs claiming employment discrimination by the federal government. *Id.* at 829, 834–35, 96 S.Ct. at 1968. Thus, Secretary argues, *Brown* precludes Epstein's Equal Pay Act claim.

But Secretary leans on a broken reed: his incorrect assertion that the Equal Pay Act was made applicable to the United States in 1962 (one year before that Act was enacted!), which would have allowed it to be preempted by Congress in 1972. *See* PTO, Defendant's Proposed Findings of Fact and Conclusions of Law at 7. In fact the Equal Pay Act was itself a *1963* amendment to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201ff. Only in *1974* was the entire FLSA made applicable to the United States by an amendment expanding the term "employer" to include federal, state and local governments. Fair Labor Standards Amendments, Pub.L. No. 93–259, § 6(a)(1), 88 Stat. 55, 59 (1974). 29 U.S.C. § 203(d).

That redefinition was principally intended to entitle most government employees to FLSA's minimum wage and overtime compensation provisions. *See* H.R.Rep. No. 913, 93d Congress 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 2811, 2812, 2821, 2837–38, 2853. In addition the United States became subject to FLSA's private enforcement remedy, 29 U.S.C. § 216(b), which was itself amended in 1974 to specify suits may be maintained against public

---

statutory claims. Only Epstein's memorandum arguments are addressed in this opinion.

**3.** Except for the final paragraph in this section, its factual statement is uncontested, having been drawn from the parties' stipulation in their Final Pre-Trial Order ("PTO") (required as part of this Court's regular procedure under Fed.R.Civ.P. ("Rule") 16).

**4.** PTO, Def. Proposed Findings ¶ 22.

agencies.[5] And although that section provided only for suits against employers to recover "unpaid minimum wages" or "unpaid overtime compensation" and "liquidated damages" equal to those amounts, the Equal Pay Act itself mandates that sexually discriminatory wage differentials be treated as unpaid minimum and overtime wages for enforcement purposes, 29 U.S.C. § 206(d)(3).

In that roundabout fashion, then, Congress in 1974 authorized suits against the United States under the Equal Pay Act. It may not have been the clearest way to waive sovereign immunity, the issue that underlay the Supreme Court's analysis in *Brown. See* 425 U.S. at 826–28, 833–34, 96 S.Ct. at 1965, 1968. Nevertheless the *Brown* holding (based on Title VII's preemption of *earlier* remedies) certainly does not affect the availability of the Equal Pay Act's *later* private remedy against the United States.

### Summary Judgment

Rejection of Secretary's threshold argument requires scrutiny of the Equal Pay Act, 29 U.S.C. § 206(d)(1):

No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

Epstein asserts (Mem. 3–4) the absence of material fact issues as to Secretary's liability under that Act. She says she and Hester are performing substantially equal jobs, a "fact" she wishes to be "presumed" on the basis of the similar Position Descriptions covering Hester's and her jobs. R.Mem. 1–2. Given their substantially equivalent positions, Epstein reasons, paying her at the GS–7 level while paying Hester at the GS–9 level makes out an undisputed violation of the Equal Pay Act.

■ That entire argument rests on a false premise. On Epstein's summary judgment motion, any "presumptions" run in favor of Secretary. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). And Secretary's position is that Hester in fact performs decision-making duties and Epstein does not. PTO, Def. Proposed Findings ¶¶ 2, 22. Epstein herself has admitted it is contested between the parties whether she and Hester were performing "work requiring substantially similar skill, effort, and responsibility." PTO, Pl. Statement of the Contested Issues of Fact and Law ¶ 1.

Epstein suggests that disputed fact is not "material" because it is not "important" (Mem. 1) or because the position *descriptions* control (R.Mem. 1–2). She contends cases that hold job descriptions not controlling under the Equal Pay Act are irrelevant because they are private sector cases. R.Mem. 1. It is difficult to see how that distinction is meaningful (it amounts to a claim that the Equal Pay Act applies to private and public employers alike, but somehow unequally—a variant on *Animal Farm* ).

In any case, Epstein misses the thrust of her own complaint: She challenges Bureau's *failure to promote her,* and that failure could violate the Equal Pay Act only if her actual position were substantially equal to that of a man paid more for the same work. That latter question is emphatically contested here, precluding summary judgment.

5. 29 U.S.C. § 203(x), added in 1974, defined "public agency" to include the United States and its agencies, as well as state and local governments and their agencies and interstate governmental agencies.

*Conclusion*

For the reasons stated Epstein's motion for summary judgment is denied. Secretary's request for an award of costs under 28 U.S.C. § 1927 is denied.[6]

---

6. Section 1927 has not reversed the general "American Rule" against awarding attorneys' fees, but should be reserved for cases involving abuse of the justice system. On the one hand, Epstein's summary judgment motion was rather flimsy in substance. On the other, Secretary's own position on the Equal Pay Act claim was simply historically incorrect. On balance the situation does not call for a Section 1927 award against Epstein.