### In re IOTA INDUSTRIES, INC., Bankrupt.

**Bankruptcy No. 77 B 1993.**

United States Bankruptcy Court,
S.D. New York.

Sept. 12, 1983.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for Trustee in Bankruptcy.

Polston, Schwartz, Hamilton & Fenster, Beverly Hills, Cal., for Zoya Film Production.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On July 25, 1977, Iota Industries, Inc., filed a voluntary petition pursuant to Chapter VII of the Bankruptcy Act.

On September 12, 1977, Zoya Film Production ("Zoya") filed a Proof of Claim in the amount of $60,000 as a general unsecured claim. This claim resulted from a judgment entered in the United States District Court for the Central District of California. The judgment was rendered against Commonwealth Entertainment, Inc., a former subsidiary corporation of Iota Industries which was sold by the estate on April 14, 1982, and is presently Iota Entertainment, Inc.

On July 22, 1983, the trustee of the estate, Bart T. Tiernan III, filed an objection to Zoya's claim and moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCP) and Rule 756 of the Rules of Bankruptcy Procedure.

Summary judgment is proper only where there is "no genuine issue as to any material fact," and a party is "entitled to a judgment as a matter of law." FRCP 56(c). On a motion for summary judgment the court cannot try issues of fact; rather, it can only determine whether there are issues of fact to be tried. *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir.1975); *American Manufacturers Mutual Ins. Co. v. American Broadcasting—Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir.1967), *cert. denied*, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972). In the instant case, there exists an issue of material fact as to whether there was a merger of interests between Iota Industries and Iota Entertainment and whether pursuant to such merger Iota Industries assumed all obligations of both.

Zoya contends that Iota Entertainment was a wholly owned subsidiary of Iota Industries, and that during the bankruptcy proceedings there became an identity of interest by merger or otherwise between the parent and subsidiary corporations. Pursuant to this merger of interests, Zoya claims that Iota Industries assumed all obligations, including the obligation on the judgment rendered against Iota Entertainment. Thus, Zoya contends that it is entitled to payment of its claim from the Estate of Iota Industries.

Conversely, the trustee contends that Iota Industries was not a defendant in the California action and, thus, is not liable on a judgment entered in that action. Further, the trustee claims that since Iota Industries and Iota Entertainment were at all relevant times separate corporations, Iota Industries is not liable for the debts of a subsidiary corporation. The trustee denies Zoya's contentions that there was either a merger between Iota Industries and Iota Entertainment or an assumption of obligations by Iota Industries.

Even though the trustee correctly contends that a parent corporation is not always liable for the debts of a subsidiary corporation, it is a question of fact whether a merger of interests and assumption of obligations resulted of which the parties are in dispute. Since the merger of two corporations results in liability to the surviving corporation of each of the constituent corporations, *Hoche Productions, S.A. v. Jayark Films Corporation*, 256 F.Supp. 291, 296 (SDNY 1966), it is necessary to ascertain whether a merger of interests did in fact exist between Iota Industries and Iota Entertainment. As the court held in *Stanley v. Alcock*, 310 F.2d 17, 19 (5th Cir.1962), the mere issue as to the equitable ownership of a corporation by a bankrupt corporation precluded summary judgment.

The burden is upon the moving party to show the absence of a genuine issue as

to any material fact. *Adickes v. S.H. Kress and Company,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). On a motion for summary judgment, the court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Equal Employment Opportunity Comm'n v. Home Ins. Co.,* 672 F.2d 252, 257 (2d Cir.1982), *citing, United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1966).

When the party against whom summary judgment is sought comes forth with affidavits that generate uncertainty as to the true state of any material fact, summary judgment must be denied. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir.1980). Thus, the parties' conflicting versions of the facts require an evidentiary hearing to determine the nature of the relationship between Iota Industries and Iota Entertainment in order to ascertain whether a merger of interests and assumption of all obligations took place.

Accordingly, the motion is denied.

It is so ordered.