**FINITY SPORTSWEAR, LTD., Plaintiff,**

v.

**AIRNIT, INC., doing business as Designers, Iselle Manufacturing Co., Inc. and Isadore Brodsky, Defendants.**

**No. 84 Civ. 2044 (WK).**

United States District Court,
S.D. New York.

Oct. 16, 1985.

Philip H. Gottfried, Amster Rothstein & Engelberg, New York City, for plaintiff.

Irving Singer, Singer & Block, Brooklyn, N.Y., for defendant Airnit.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Plaintiff moves for summary judgment as to liability against defendant Airnit in this action under the Lanham Act, the common law of conversion, and relevant state law of trademark infringement and unfair competition. Although the complaint requests injunctive relief, plaintiff has not— to the best of our recollection—claimed that Airnit is currently selling infringing goods, or that there is immediate danger of any future violation by Airnit which would indicate that injunctive relief is now for any reason necessary or appropriate.[1] Plaintiff's motion, then, is in effect designed to provide a basis for claiming damages, costs and attorneys fees pursuant to 15 U.S.C. § 1117. For reasons which follow, the motion is denied.

### THE FACTS

It is undisputed that plaintiff contracted with defendants Isadore Brodsky and Iselle Manufacturing Company (hereinafter collectively referred to as "Iselle"), who are no longer parties by virtue of their settlement with plaintiff. By the terms of their contract, Iselle undertook to manufacture trademarked clothing to plaintiff's specifications, affix plaintiff's trademarked labels, and return the goods to plaintiff for its quality control inspection. In violation of plaintiff's contractual rights, Iselle retained some of the goods thus manufactured and, without plaintiff's authority, sold them to defendant Airnit which offered them to the public. We assume, *arguendo*, that the goods thus delivered were of inferior quality and that plaintiff was injured by their entry into the market. Airnit contends, however, that it purchased the goods from Iselle in complete good faith and without any reason to suppose Iselle was not fully authorized to deliver

---

1. Should this recollection be erroneous, plaintiff may at any time request injunctive relief upon a proper showing.

them or that they were not in all respects genuine. For purposes of this motion for summary judgment, we must assume these contentions to be true. *See Diebold v. United States* (1962) 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176.

■ At common law plaintiff would have no claim against Airnit on the foregoing facts. As between plaintiff and Airnit, it is obviously the former (who elected to bestow its confidence upon Iselle) which should bear the loss for Iselle's infidelity. However, a different rule has developed in trademark cases where the interests of the public are involved. The public has a strong stake in being protected against a likelihood of confusion, and where a defendant's conduct threatens that interest it will be enjoined regardless of its good faith. *See Estee Lauder, Inc. v. Hyman Watsky* (S.D.N.Y.1970) 323 F.Supp. 1064.

This rule, however, has no logical application where the public interest is not involved and where—as here—the question is, as between plaintiff and Airnit, who should bear the loss occasioned by Iselle's infidelity. It is noteworthy that, with one exception, all authorities cited by plaintiff in support of its position involve requests for injunctive relief. The one exception is *Polo Fashions, Inc. v. Samuel Schlesinger, Inc.* (D.N.J.1984) 224 U.S.P.Q. 886 [Available on WESTLAW, DCTU database]. That case clearly supports plaintiff's position, but we do not find it persuasive.

■ It simply makes no administrative sense to bifurcate the issue of liability from damages. On the above stated assumption that there is no necessity of injunctive relief, we are only concerned with whether or not plaintiff may recover damages against Airnit. An abstract ruling that Airnit is in technical violation of plaintiff's rights would be of no value to anyone. All cases—including *Polo Fashions*—recognize that a Lanham Act plaintiff is generally not entitled to damages where a defendant has acted without knowledge or intent to infringe. As the *Polo Fashions* court noted (at 887):

> The Court recognizes that a determination about the intent and knowledge of the defendant will be necessary before damages may be awarded....

■ Similarly, the validity of plaintiff's demand for costs and attorneys fees rests upon a showing of knowledge or intent. Title 15 U.S.C. § 1117 provides that such relief is to be awarded subject to the principles of equity. As above indicated, plaintiff's damages result from its own bad judgment in selecting Iselle as its agent, and from the misfeasance of that agent. We would therefore find it highly inequitable to make Airnit responsible for any part of those damages absent a showing of bad faith on its part. What plaintiff requires to establish entitlement to costs or attorneys fees—as is the case with damages—is a showing of bad faith on defendant's part and nothing whatever would be gained by ruling that a technical violation had been established.[2] It goes without saying that we express no view as to whether or not Airnit's avowal of good faith (which we must accept as valid for present purposes) will survive a trial.

We also express no view as to whether a technical violation has been established with respect to Count 8 of the complaint, which alleges common law conversion. No administrative purpose would be served by separating that pendant claim from the rest of the action.

In brief, plaintiff's motion for summary judgment as to liability is denied. If plaintiff wishes injunctive relief it should make an application therefor within ten (10) days of the date of this Order, or on or before October 28, 1985. A conference to consider all open questions will be held on November 13, 1985 at 4:30 p.m. in Courtroom 619.

SO ORDERED.

---

**2.** The complaint also alleges pendent claims under New York state law of trademark law and unfair competition, dilution of trade names and trademarks, and the common law of conversion. Nowhere in its papers, however, does plaintiff suggest that any of those claims could be established without proof of intent.