**In re Darrell COBB and Myrtle Cobb, Debtors.**

**Bankruptcy No. 85 B 10119.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 13, 1985.

Joseph M. Cernugel, Joliet, Ill., for debtor.

Richard B. Aronow, North Brook, Ill., for Commonwealth Mortgage Co.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

Commonwealth Mortgage Corporation ("Commonwealth") has filed a motion to lift the stay as to the debtor's home in Joliet, Illinois. The debtors have responded to that motion and Commonwealth has replied. In its reply, Commonwealth moves for summary judgment on its motion.[1] The matter is set for hearing in Joliet on December 16, 1985.

The motion for summary judgment must be denied if there are any genuine issues of material fact. F.R.Civ.P. 56(b), Bankruptcy Rules 7056, 9014. In resolving this motion for summary judgment, the court views the evidence most favorably to the parties against whom judgment is sought, here meaning the debtors. *United States*

1. In light of the fact that the Court in this opinion denies Commonwealth's motion for summary judgment, no responsive pleading from the debtors is required.

**442**

*v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

 Commonwealth argues that since the debtors' schedules place value of the collateral to be less than the amount of its claim, the issue of equity in the collateral must be resolved in its favor. While it is true that the debtors in their schedules stated the value of the home to be less than the amount of the mortgage, this Court is inclined to give little weight to values ascribed to assets in bankruptcy schedules. The schedules are often prepared in haste without much thought being given to the values reflected therein and the possible consequences of such statements of value. In their answer to the motion to lift the stay, the debtors raise a factual issue with respect to the value of their home by contesting Commonwealth's allegations of value.[2] Their prior statement of value in their schedules is nothing more than an admission by a party opponent. The admission is not conclusive.[3] It is merely an exception to the hearsay rule which can be overcome

by competent evidence offered by the debtor. Fed.R.Ev. 801(d)(2), McCormick on Evidence 780, 784 (3rd edition 1984). Thus, a genuine issue of fact exists with respect to the value of the home, and summary judgment is unavailable in this proceeding.[4]

 In reaching this conclusion, the Court is mindful of the fact that this a Chapter 7 case, not a reorganization case. Thus, the issue of valuation is relevant only in connection with adequate protection and the existence of an equity cushion. The only way the debtors can keep the stay in effect is by offering Commonwealth adequate protection for its interest in their home. 11 U.S.C. §§ 362(d)(1), 362(g). By its own terms, § 362(d)(2) only applies in reorganization cases. However, there is no logical reason why the debtors should not be able to have the stay remain in effect even in a Chapter 7 case by offering a secured creditor adequate protection while the debtors attempt to negotiate a reaffirmation. The court's records indicate that these debtors have not yet been dis-

2. The debtors' response shows a misunderstanding of the burdens of proof in connection with stay motions. They say they do not know the present market value of their home, "but demand strict proof thereof." Debtors' answer, ¶ 5. In the circumstances of this case, it is not the creditor's burden to show the value of the collateral. Instead, the debtors must establish that the value of their home significantly exceeds the amounts owed Commonwealth if they rely on the existence of an equity cushion as means for offering an adequate protection to the lender. *See generally In re Mellor,* 734 F.2d 1396 (9th Cir.1984); *In re Harrington & Richardson,* 48 Bankr. 431 (Bankr.D.Mass.1985). It is clearly the debtors' burden to show that Commonwealth is adequately protected. If the debtors fail to sustain that burden the stay will be lifted. 11 U.S.C. § 362(g)(2).

3. Arguably, a question exists whether statements by a debtor in schedules filed with the court are judicial or evidential admissions. If the schedules are regarded as pleadings in this proceeding, the debtors' statements in the schedules are judicial admissions, conclusive unless the Court allows them to be withdrawn or amended. On the other hand an evidential admission is not conclusive. *See, e.g., Matter of Fordson Engineering Corp.,* 25 Bankr. 506 (Bankr.E.D.Mich 1982). See also McCormick on Evidence 776 (3rd edition 1984). Because the schedules were filed in this case in general, not in this particular contested matter, the Court does not view

them as a "pleading" for purposes of the stay motion as such, and thus statements in the schedules are evidential rather than judicial admissions for these purposes. See *In re Hanson Dredging, Inc.,* 6 Bankr. 230 (Bankr.S.D.Fla 1980). In addition, the statement of value in the schedules relates to value and is a matter of opinion rather than fact. As such, it probably cannot give rise to a judicial admission. *See Fairbanks v. Yellow Cab Co.,* 346 F.2d 256 (7th Cir.1965). This conclusion is further supported by the fact that the debtor can amend the schedules at any time until the case is closed without prior permission of the court. *See* Bankruptcy Rule 1009.

4. Of course, even if no equity cushion exists, the debtors may still be able to offer Commonwealth adequate protection against injury to its economic interests from the continuation of the stay in the form of periodic payments to compensate for losses. *See* 11 U.S.C. § 361(1). *See also, e.g., In re Falwell Excavating Co., Inc.,* 47 Bankr. 217 (Bankr.W.D.Va.1985). The exhibits attached to the debtors' answer, as well as their affirmative defense, suggest that they are willing and able to make such payments if required. Therefore, another genuine issue of fact exists on the question of whether the debtors can provide Commonwealth with adequate protection in the form of periodic payments.

charged, and thus, contrary to Commonwealth's pleadings, the time for negotiating a reaffirmation has not yet expired. 11 U.S.C. § 524(c)(1). The debtors may continue to delay their discharge while they negotiate with Commonwealth. Bankruptcy Rule 4004(c). Although Commonwealth says it does not want to enter into a reaffirmation agreement with these debtors, even mortgage lenders have been known to change their position with respect to reaffirmations when confronted with an attractive offer from a debtor. So long as Commonwealth is adequately protected, it will suffer no harm in being asked to wait while the debtors formulate their best offer. The debtors have indicated their good faith in this regard by attempting to negotiate with Commonwealth several times and by offering Commonwealth current payments.

Even if a reaffirmation proves impossible to negotiate, there is still reason to keep the stay in effect, assuming Commonwealth is given adequate protection. The debtors have the option of converting this case to a Chapter 13 at any time they wish. 11 U.S.C. § 706(a). According to their schedules, they have regular income in excess of $50,000 a year.[5] Therefore, Chapter 13 may well be the vehicle in this case for dealing with a recalcitrant mortgage lender. *See* 11 U.S.C. §§ 1322, 1325. The debtors should have time to pursue reaffirmation negotiations and, should they prove fruitless, to consider the advisability of a Chapter 13 conversion.

The motion for summary judgment is denied. The motion to lift the stay is set for preliminary hearing on December 16, 1985, at 10:30 in Joliet. Should the debtors show that there is a reasonable likelihood they will be able to provide Commonwealth with adequate protection, a final hearing will be held in Joliet on January 13, 1986 at 10:30. The court will rule on the motion within 30 days thereafter. 11 U.S.C. § 362(e), Bankruptcy Rule 4001(b).

---

**5.** Lest the debtors be lulled into a false sense of security, it is only fair for the Court to inform the debtors that it is giving serious consideration to instituting proceedings under 11 U.S.C. § 707(b) to determine whether this case should be dismissed as a substantial abuse of Chapter 7. When the debtors' combined income in excess of $50,000 a year is compared with their total unsecured debt approximating $15,000 after lien avoidance, it would appear on a prima facie analysis that on any reasonable budget, the debtors ought to be able to pay a significant portion of their obligations to taxing bodies and other creditors in a Chapter 13 proceeding. In addition, it would appear from an analysis of the schedules that the debtors' debts including the home mortgage are primarily consumer debts. *See generally In re Grant,* 51 Bankr. 385 (Bankr.N.D.Ohio 1985); *In re Bryant* 47 Bankr. 21. (Bankr.W.D.N.C.1984). Thus, a rule to show cause why this case ought not to be dismissed appears to be in order. Such a rule may well issue shortly after the December 16, 1985 hearing.