9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leroy WILLIAMS, Plaintiff-Appellant,
v.
Richard GERSBACKER, Defendant-Appellee.
 No. 93-1515.
 United States Court of Appeals, Sixth Circuit.
 Oct. 22, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner, Leroy Williams, appeals from the order and judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $5,000 in damages, "[paid] out of [defendant's] individual pocket while in his personal capacity," an order restraining defendant from harassing him and a transfer, plaintiff brought suit against Corrections Officer Richard Gersbacker. Plaintiff alleged that defendant violated his Eighth Amendment rights by referring to plaintiff as a "snitch" in the presence of other inmates. According to plaintiff, being labeled a "snitch" placed his life and safety in jeopardy.
 
 
 4
 The case was submitted to a magistrate judge who filed a report recommending that defendant's motion for summary judgment be granted. The district court adopted the magistrate judge's report and recommendation as the opinion of the court over plaintiff's objections. Plaintiff appeals from the district court's order and judgment dated March 31, 1993.
 
 
 5
 An appellate court's review of a grant of summary judgment is de novo, EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990), and this court must view the facts in the light most favorable to the non-moving party to determine whether a genuine issue of fact exists. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Upon review, we find no error.
 
 
 6
 The Eighth Amendment proscribes cruel and unusual punishment in a penal or disciplinary setting. Harmelin v. Michigan, 111 S.Ct. 2680, 2684-86 (1991). If the offending conduct does not purport to be "punishment," the conduct must reflect an "unnecessary and wanton infliction of pain" to fall within the ambit of conduct proscribed by the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 670 (1977). Verbal abuse, harassment or name calling doesn't qualify as punishment. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). Therefore, in order to overcome a motion for summary judgment, plaintiff must show that being called a "snitch" created an unnecessary and wanton infliction of pain in the form of a pervasive risk of harm from other inmates in order to fall within the protection of the Eighth Amendment. See Martin v. White, 742 F.2d 469, 474 (8th Cir.1984).
 
 
 7
 Plaintiff cannot establish the existence of a pervasive risk of harm. A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents. Id. Plaintiff alleges that defendant called him a "snitch" on only one occasion. Moreover, in order to establish a pervasive risk of harm, a prisoner must apprise prison officials of the problem. Id. Plaintiff offered no proof that he made the problem known to anyone. He offered no proof that he filed a prison grievance against defendant or that he sought protective custody as a result of being at risk of assault. Inasmuch as plaintiff cannot establish a pervasive risk of harm, he cannot establish that defendant's purported comment constituted a reckless disregard of his right to be free from attacks by other inmates. See Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991) (Offending non-penal conduct must be wanton in order to state a violation of the Eighth Amendment.). Therefore, plaintiff cannot establish a constitutional violation under the Eighth Amendment. No genuine issue of material facts existed, and defendant was entitled to judgment as a matter of law.
 
 
 8
 Accordingly, the order and judgment of the district court is hereby affirmed for the reasons set forth in the magistrate judge's report and recommendation dated March 16, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, U.S. District Judge for the Western District of Kentucky, sitting by designation