**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LISA OCHELTREE,
Plaintiff-Appellant,

v.

No. 97-2506

SCOLLON PRODUCTIONS,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-96-1215-3-10BD)

Submitted: January 20, 1998

Decided: August 11, 1998

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Lisa Ocheltree, Appellant Pro Se. Sue C. Erwin, NELSON, MUL-
LINS, RILEY & SCARBOROUGH, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Lisa L. Ocheltree filed this action against her employer, Scollon Productions, Incorporated ("Scollon Productions"), alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (West 1994 & Supp. 1998) and South Carolina state law. Her claims were based on her contention that one of her supervisors and other employees created a sexually hostile work environment. The district court adopted the recommendation of the magistrate judge granting summary judgment to the Appellee. On appeal, Ocheltree contends that the district court erred in concluding that her employer did not have constructive knowledge of the offensive activity. Since the district court's dismissal of this case, the Supreme Court decided Burlington Indus., Inc. v. Ellerth, #6D6D 6D# U.S. ___, 66 U.S.L.W. 4634 (U.S. June 26, 1998) (No. 97-569), and Faragher v. Boca Raton, ___ U.S. ___, 66 U.S.L.W. 4643 (U.S. June 26, 1998) (No. 97-282), which held that an employer is vicariously liable for a hostile environment created by a supervisor, subject to an affirmative defense. We vacate the judgment of the district court as to the hostile work environment claim and remand for further proceedings in light of Ellerth and Faragher. Insofar as Ocheltree alleged that she was fired in retaliation for having complained of being sexually harassed, the judgment of the district court is affirmed. Ocheltree's objections to the magistrate judge's recommendation did not challenge the findings with regard to this claim and accordingly, she has waived appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). Likewise, the district court's dismissal of her state law claim is affirmed because Ocheltree has waived appellate review of that claim as well. See 4th Cir. R. 34(b).

Scollon Productions builds character costumes. Edward Scollon, President, and Ellery Locklear, Vice-President, are the only two members of the corporation active in the day-to-day management. Scollon

2

is in the costume shop on a daily basis. Ocheltree was employed at the shop from February 1994 until her discharge for excessive absenteeism and telephone usage in August 1995. In June 1994, an employee told Scollon that another employee told an off-color joke which Ocheltree found offensive. The offending employee was discharged. The first time either Scollon or Locklear were directly informed by Ocheltree of other allegations of sexual harassment was during her testimony before the Employment Security Commission in October 1995, after she was discharged.

In her sworn deposition taken in the course of these proceedings, Ocheltree testified to numerous incidents of offensive behavior. According to Ocheltree, the largely male staff engaged in open conversations about sex, made sexual comments about females and the sexual habits of others on the staff, and arranged a mannequin in obscene positions. The shop supervisor, Harold Hirsch, showed a photograph of a nude woman around the shop and was involved in several open sexually explicit conversations with Ocheltree's co-workers. She complained on numerous occasions to Hirsch and her immediate supervisor, Bill Kollman. Ocheltree asserted that Hirsch was ineffective in taking action because he would either do nothing or merely "slap the wrists" of the offending employees. Kollman was also ineffective. Ocheltree also went to speak to Scollon and Locklear on different occasions, but she was never given the opportunity to meet with either. According to Ocheltree, on at least one occasion, Scollon told her that he did not have time to meet with her and instructed her to speak to Locklear. On another occasion, Ocheltree wrote Locklear a note as he was on the phone stating that she needed to speak with him. As she waited for him to get off the phone, Hirsch told her to get back to work and that if either Scollon or Locklear wanted to talk to her, they would come and find her.

Scollon Productions' Employee Handbook does not have a specific policy against sexual harassment. The handbook does refer to an "Open Door Policy." Under this policy, employees are informed that any work-related problem not resolved after a discussion with their supervisor should be brought to the attention of either Scollon or Locklear.

In his report and recommendation, the magistrate judge concluded it was uncontested that Ocheltree established a pervasive hostile work

3

environment. However, the magistrate judge found there was no basis for imposing liability on Scollon Productions because neither Scollon nor Locklear were aware of or should have known of the offending activity. Ocheltree objected to the magistrate judge's findings by contending that knowledge of the offending activity should be imputed to the employer because: (1) she complained on numerous occasions to her two immediate supervisors; (2) one of the supervisors who was engaged in the offending activity prevented her from making a complaint to Locklear; and (3) she attempted to make use of the open door policy on numerous occasions, but neither Locklear nor Scollon made themselves available. Ocheltree contended that the employer should not be permitted to escape liability on the basis of lack of knowledge by insulating itself from complaints. The district court concluded that Ocheltree failed to object to the finding that neither Scollon nor Locklear knew of the offending activity, adopted the magistrate judge's recommendation, and granted summary judgment to the Defendant.

We review a district court grant of a motion for summary judgment de novo. See Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). A summary judgment motion should only be granted if there is no genuine dispute as to an issue of material fact and the moving party is entitled to judgment as a matter of law. Id. (citing Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986)). The district court must evaluate the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in that party's favor. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The district court's function at the summary judgment stage "is not [it]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Accordingly, the court must believe the evidence of the non-movant. Id. at 255.

Generally, appellate review is precluded if the appellant fails to file specific objections to a magistrate judge's report and recommendation. See Wright, 766 F.2d at 845-46. Insofar as Ocheltree's objections to the report and recommendation are concerned, the sole remaining issue is whether she objected to the finding that there was no basis to impute liability to her employer. We find that Ocheltree's contentions that knowledge should be imputed to the employer based on Hirsch's conduct and her unsuccessful attempts to use the open

4

door policy sufficiently objected to the magistrate judge's findings on this point. Accordingly, appellate review is not waived on the basis of failing to specifically object to the magistrate judge's report and recommendation. The district court did not consider whether Ocheltree's arguments could be the basis for imputing knowledge of the offending activity to the employer in those situations where the employer was not directly informed of the offending activity.

Under Title VII, for persons alleging a hostile work environment based upon sex, it must be shown that: (1) the conduct in question was unwelcome; (2) the harassment was based on sex; and (3) the harassment was sufficiently severe or pervasive to create an abusive working environment. See Swentek v. USAIR, Inc. , 830 F.2d 552, 557-58 (4th Cir. 1987). In order to hold the employer liable for the actionable conduct of low-level or mid-level employees, we have required that there be some factual basis in which to impute liability to the employer. See Reinhold v. Virginia, 135 F.3d 920, 929 (4th Cir. 1998). Generally, we have required the plaintiff to show that the employer had actual or constructive knowledge of the existence of the hostile working environment and fail to take remedial action. See Swentek, 803 F.2d at 558. In Ellerth and Faragher, the Supreme Court disregarded the actual or constructive knowledge element and held that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."[1] Ellerth, 66 U.S.L.W. at 4640; Faragher, 66 U.S.L.W. at 4652. Employers may assert an affirmative defense."The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Id.

In the instant case, the first three elements of the prima facie case are not disputed by Scollon Productions. Scollon Productions' sole

_____

[1] The Supreme Court did not address the extent to which an employer may be vicariously liable for actionable conduct cause by a non-supervisor. Presumably, in those instances, a plaintiff must still show actual or constructive knowledge.

5

contention was that it did not have knowledge of the offensive conduct. As for the fourth element, one of Ocheltree's supervisors was at least in part responsible for creating the hostile work environment. Thus, Scollon Productions may be vicariously liable for his conduct. Obviously, neither the district court nor the parties had the benefit of the recent Supreme Court decisions. If Scollon Productions had the opportunity to present the affirmative defense, from the record it appears that it would contend that it exercised reasonable care to correct any sexually harassing behavior, as evidenced by its prompt action when it was actually informed of sexually harassing conduct. In addition, Scollon Productions' open door policy, although informal and without any mention of sexual harassment, may also be dispositive of reasonable care to correct problems. But in this instance, it appears that the open door policy was ineffective because neither Scollon nor Locklear availed themselves to Ocheltree when she wanted to speak to them.**2** In addition, she was prevented from making a complaint by the supervisor responsible for some of the offensive conduct. See Meritor Sav. Bank, FSB v. Vinson , 477 U.S. 57, 73 (1986) (employer's contention that employee failed to use the grievance procedure "might be substantially stronger if its procedures were better calculated to encourage victims of harassment to come forward").

As for the second element of the affirmative defense, we find there is a genuine dispute as to a material issue of fact. Ocheltree took advantage of her employer's corrective measures by informing her immediate supervisors. It is also uncontested that she attempted to

_____

**2** The magistrate judge found that Ocheltree's efforts to inform Scollon and Locklear were not made in "good faith." The open door policy outlined in the Employee Handbook does not provide any specific instructions to the employee on how to inform Scollon and Locklear. The policy states that "[a]ny one having a complaint or problem should first try to resolve it with their immediate supervisor. Ellery or Bill are usually available throughout the day to help resolve complaints or problems not resolved by supervisors." The policy appears to require nothing more than going to their offices. Under this informal policy, Ocheltree was not required to do anything else. Further, to the extent that the magistrate judge's finding was a credibility determination, on a motion for summary judgment, it is not the role of the court to determine the truth of the matter. See Anderson, 477 U.S. at 249.

speak to both Scollon and Locklear. Scollon directed Ocheltree to speak to Locklear, and Locklear did not respond to her note. Whether the failure to inform Scollon or Locklear was unreasonable on Ocheltree's part is at issue. Furthermore, the record before us does not support an argument that Ocheltree unreasonably failed to take other corrective measures.

In conclusion, evaluating the evidence in the light most favorable to Ocheltree, we find genuine issues of material fact with regard to her hostile work environment claim that preclude summary judgment. We therefore vacate the district court's grant of summary judgment on that claim and remand that issue for further proceedings in light of Ellerth and Faragher. We affirm the district court's order in all other respects. We deny Ocheltree's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED

7