Henry **NICKELL**, Plaintiff–Appellant,

v.

**MEMPHIS LIGHT, GAS & WATER DIVISION**, Defendant–Appellee.

No. 00–5076.

United States Court of Appeals, Sixth Circuit.

July 30, 2001.

Before BOYCE F. MARTIN, Chief Judge; NORRIS, Circuit Judge; and QUIST, District Judge.*

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

PER CURIAM.

On December 1, 1997, Memphis Light, Gas and Water hired Alonzo Weaver, an African–American, instead of Henry Nickell as its new Vice President of Operations. Nickell sued, claiming that Memphis Light had discriminated on the basis of race in violation of Title VII. The district court awarded Memphis Light summary judgment. We AFFIRM.

We review a district court's grant of summary judgment de novo. *See Junger v. Daley*, 209 F.3d 481, 484 (6th Cir.2000). Summary judgment is granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). Inferences drawn from the underlying facts "must be viewed in the light most favorable to the party opposing the motion" for summary judgment. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

*McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), establish a three-step burden-shifting framework for analyzing claims of employment discrimination in Title VII cases. First, a plaintiff must set forth a prima facie case of discrimination. *See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id.* If the defendant carries this burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination. *See Burdine*, 450 U.S. at 253, 101 S.Ct. 1089. The ultimate burden of persuasion remains at all times with the plaintiff. *See id.*

■ This case hinges on the first step of the *McDonnell Douglas/Burdine* inquiry, whether Nickell is able to establish a prima facie case of discrimination. Because Nickell is caucasian, Weaver is African–American, and Nickell alleges reverse discrimination, success on this point requires Nickell to show two things: that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority [and] that the employer treated differently employees who were similarly situated but not members of the protected group." *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 801 (6th Cir.1994). If he cannot produce facts supporting each element of the prima facie case, then Memphis Light is indeed entitled to summary judgment. *See id.* at 801 n. 7.

■ To demonstrate that he and Weaver were similarly situated, Nickell must "prove that *all* of the relevant aspects of his employment situation were *nearly identical* to those of [Weaver's] employment situation." *Pierce*, 40 F.3d at 802 (emphases added). These similarities must exist in all relevant aspects of their respective employment circumstances. *Id.* Furthermore, we have recently clarified that in identifying the factors to be considered in making this determination, we "should make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of [the successful applicant]." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998). Nickell cannot meet this threshold burden. *See Shah v. General Elec. Co.*, 816 F.2d 264, 270 (6th Cir.1987) ("Absent proof that other employees were similarly situated, it is not possible to raise an inference of discrimination.").

Memphis Light wanted to fill its vacant vice presidency from within its own ranks. To that end, its internal notice sought a candidate with the following credentials:

A degree in Engineering or Physical Sciences and management experience in Operations, Engineering, or Construction or equivalent combination of education and experience are required. MBA or other advanced degree preferred.

Although Nickell, Weaver, and the five other applicants all satisfied the posting's basic qualifications, and Nickell and Waver both numbered among the only four with any advanced degree whatsoever, three aspects of the record demonstrate that Nickell and Weaver were not similarly situated in their pursuit of the position.

First, Nickell had merely a master's degree in physics while Weaver had a Masters of Business Administration. When the notice for the position recited that an "MBA or other advanced degree [was] preferred," identifying the MBA by name expressed some favoritism for that particular advanced degree over others. Furthermore, besides Weaver, the other two candidates interviewed for the job had MBAs as well, as did the person being replaced. Under these circumstances, Nickell was thus less qualified. Second, it was also not material that Nickell and Weaver both happened to be managers at Memphis Light, holding concededly equivalent positions in Memphis Light's corporate organization, because the substance of what they were responsible for managing was completely different. Weaver's department, Electric Operations, included one hundred eighty one employees and had a payroll of over seven million dollars; of the six departments reporting to the Vice President of Operations, Electric Operations was the largest in both of these categories. In contrast, Nickell's department, Supply Planning and Engineering, ranked in both a distant fifth; he oversaw a total of ten employees and a payroll of barely five hundred thousand dollars. Third, Weaver had been working as the interim Vice President of Operations for several months, giving him a major advantage against the rest of the field. Weaver was able to hit the ground running upon receiving the job permanently, and we understand why Memphis Light would find that useful.

For these reasons, Nickell cannot show that he was similarly situated to Weaver, given Memphis Light's goals in filling this post. To the extent that Nickell's résumé happened to include items that Weaver's did not, most notably four more years working at Memphis Light and more overall supervisory experience, as the district court observed, "this case is a textbook example of the kind of employment decision that courts must leave to be made by employers.... Nickell had certain strengths as a candidate, and Weaver had others." We find nothing improper or invidious in the way Memphis Light tipped the balance on this particular occasion. Accordingly, Nickell does not establish a prima facie Title VII case, and summary judgment below was appropriate.

Judgment AFFIRMED.