UNITED STATES v. DIEBOLD, INCORPORATED.

No. 286. Argued April 23, 1962.—Decided May 14, 1962.

*Daniel M. Friedman* argued the cause for the United States. With him on the briefs were *Solicitor General Cox, Assistant Attorney General Loevinger, Richard A. Solomon* and *Irwin A. Seibel.*

*William L. McGovern* argued the cause for appellee. With him on the briefs were *Abe Fortas* and *Victor H. Kramer.*

*Edgar Barton* filed a brief for the Mosler Safe Co. in opposition to appellee's motion to unseal sealed papers.

PER CURIAM.

This is a civil antitrust suit by the Government challenging Diebold's acquisition of the assets of the Herring-Hall-Marvin Safe Company as being violative of § 7 of the Clayton Act. On motion of Diebold the District Court entered summary judgment against the Government on the ground that the acquired firm was a "failing company" under the doctrine of *International Shoe Co.* v. *Federal Trade Comm'n,* 280 U. S. 291 (1930). The case is here on direct appeal. 368 U. S. 894.

In determining that the acquisition of the assets of Herring-Hall-Marvin Safe Company was not a violation of § 7, the District Court acted upon its findings that "HHM was hopelessly insolvent and faced with imminent receivership" and that "Diebold was the only bona fide prospective purchaser for HHM's business." The latter finding represents at least in part the resolution of a head-on factual controversy as revealed by the materials before the District Court of whether other offers for HHM's assets or business were actually made. In any event both findings represent a choice of inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions submitted below. On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. A study of the record in this light leads us to believe that inferences contrary to those drawn by the trial court might be permissible. The materials before the District Court having thus raised a genuine issue as to ultimate facts material to the rule of *International Shoe Co.* v. *Federal Trade Comm'n,* it was improper for the District Court to decide the applicability of the rule on a motion for summary judgment. Fed. Rules Civ. Proc., 56 (c).

*Reversed and remanded.*

MR. JUSTICE FRANKFURTER took no part in the consideration or decision of this case.