**D. GOKAL & COMPANY, Ltd., Plaintiff**

**v.**

**DAILY SHOPPERS INC., a corporation, JOSEPH P. FRUEAN, and TAGILIMA FRUEAN dba DAILY SHOPPERS, Inc., Defendants**

High Court of American Samoa
Trial Division

CA No. 52-89

October 10, 1989

---

Before KRUSE, Chief Justice, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, John L. Ward II
 For Defendants, Togiola T.A. Tulafono

On Motion for Summary Judgment:

Plaintiff moves for summary judgment pursuant to T.C.R.C.P. Rule 56. The rule provides for entry of judgment if the pleadings and supporting papers show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). All the pleadings and supporting papers submitted on a motion for summary judgement must be viewed in a light most favorable to the opposing party. *United States v. Diebold, Inc.*, 369 U.S. 654 (1962). That is, the Court must not only treat the adverse party's evidence as true, but he should also be given the benefit of all inferences reasonably deducible from the evidence. *Lokan v. Lokan*, 6 A.S.R.2d 44 (1987).

In the present matter, plaintiff sues for the value of goods sold and delivered to defendants for which checks drawn against insufficient funds were tendered to plaintiff. Defendants, on the other hand, have raised triable issues of fact in their responsive pleadings and affidavit filed in opposition to the motion for summary judgment. Defendants claim that the alleged sale of goods contract was forced upon them at plaintiff's insistence; that plaintiff supplied material not ordered; that plaintiff overcharged for quantities incompletely supplied; and that an exhibit upon which plaintiff places reliance for its motion --- a certain letter acknowledging liability and under signature of one of the defendants --- was in fact prepared by plaintiff's representative for "the record" and "[that defendants should] not worry about it."

12

We hold that there is a factual dispute regarding the obligation underlying the returned checks and deny plaintiff's motion accordingly.

It is so Ordered.