953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steffen B. JONES, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 91-1564.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CA-90-1196-JFM, J. Frederick Motz, District Judge.
 Steffen B. Jones, appellant pro se.
 Douglas Brooke Farquhar, Office of the United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Steffen B. Jones appeals from a district court order which granted his employer's motion for summary judgment in Jones's Title VII action alleging that he was terminated from his employment in reprisal for filing complaints with the Equal Employment Opportunity Commission (EEOC) and because of his race and sex. The district court found that Jones had not exhausted his administrative remedies as to his claim of improper termination of employment. Because there is a genuine issue of material fact concerning the exact claim Jones intended to raise in the district court and because he has exhausted his administrative remedies as to one possible claim cognizable in that court, we vacate and remand the district court's order for further proceedings consistent with this opinion.
 
 
 2
 Jones was placed on "off-duty status" for a period of fourteen days by the Postal Service on July 15, 1988, effective July 16. He contacted an EEOC counselor and alleged that the Postal Service had discriminated against him because of his race and sex and in reprisal for filing EEOC complaints. Jones then filed a formal complaint which the Postal Service investigated and rejected. He then requested and received a hearing before an EEOC administrative judge. Jones agreed with the judge that the purpose of the hearing was to permit him to be heard concerning his allegations of discrimination linked to the employer's actions on July 15, 1988, when Jones was placed in an emergency off-duty status without pay for a period of 14 days, effective July 16, 1988. The judge held that Jones had not established a prima facie case of discrimination.
 
 
 3
 The Postal Service issued a final agency decision in which it adopted the administrative law judge's determination. The Service notified Jones that he could file a civil action in the district court within thirty days of his receipt of the decision. Jones filed a form complaint in the district court within that time period.
 
 
 4
 In completing the form complaint, Jones indicated that the Postal Service had "terminated" his employment for discriminatory reasons by placing a checkmark in the appropriate blank. In response to one of the form's questions, Jones stated that the alleged discrimination occurred on July 15, 1988, the same date he was placed on off-duty suspension. He also alleged that certain witnesses made false statements at the administrative hearing. The district court granted the defendant's motion for summary judgment on the grounds that Jones had not presented his discriminatory discharge claim in any of the administrative proceedings. The court concluded that Jones had not exhausted his administrative remedies as required under 29 C.F.R. § 1613.214(a)(1)(i), and Jones noted a timely appeal to this Court.
 
 
 5
 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court's review of whether the district court properly granted summary judgment is de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990). In considering a summary judgment motion, a court must draw inferences from the underlying facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). An appellate court must reverse a grant of summary judgment if it appears from the record that there is an unresolved issue of material fact. Helm v. Western Md. Ry. Co., 838 F.2d 729, 734 (4th Cir.1988). Courts traditionally view pro se civil rights complaints with "special judicial solicitude." Weller v. Department of Social Servs. of Baltimore, 901 F.2d 387, 390 (4th Cir.1990), citing Harrison v. United States Postal Service, 840 F.2d 1149, 1152 (4th Cir.1988); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978).
 
 
 6
 The district court granted summary judgment to the defendant solely on the grounds that Jones had never before asserted in any of the administrative proceedings "any claim for the termination of his employment." However, Jones could have interpreted the words "termination of my employment" on the form complaint to apply to his off-duty status. There is no evidence in the record that Jones was ever terminated from his employment, and it is unclear from the record if Jones intended to file an entirely new claim asserting discriminatory termination of his employment or if he intended to file a civil action based on his original EEOC complaint.
 
 
 7
 Jones has exhausted his administrative remedies as to the claims involving his placement on off-duty status, and he filed the form civil complaint shortly after receiving notification of the Postal Service's final decision, which he attached to the complaint. Jones's other filings in the district court and in this Court do not reveal his intentions, but construing the record in the light most favorable to him, the non-moving party, and granting his pro se complaint the "special judicial solicitude" it is due, there is a genuine issue of material fact concerning whether Jones has exhausted his administrative remedies on the claim he sought to bring in the district court. We therefore vacate the district court's order granting summary judgment to the defendant and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 VACATED AND REMANDED.