**AMERICAN SEATING COMPANY,**
**Plaintiff,**

v.

**TRANSPORTATION SEATING,**
**INC., Defendant.**

**No. 1:01CV648.**

United States District Court,
W.D. Michigan,
Southern Division.

Sept. 9, 2002.

---

Todd R. Dickinson, Fisher & Dickinson, P.C., Ada, MI.

Richard A. Gaffin, Miller, Canfield, Paddock & Stone, PLC, Grand Rapids, MI.

### OPINION

CARMODY, United States Magistrate Judge.

This matter is before the Court pursuant to Plaintiff's *Motion for Partial Summary Judgment* and Defendant's *Motion for Summary Judgment.* (Dkt.# 17–18, 20). On March 4, 2002, the parties agreed to proceed before me for purposes of these motions, pursuant to 28 U.S.C. § 636(c)(1), and on March 15, 2002, the Honorable Richard Alan Enslen entered an order referring resolution of these motions to me. (Dkt.# 12, 14). As articulated herein, the Court finds that the Settlement Agreement and License at issue was not properly terminated by American Seating Company. Accordingly, Plaintiff's motion is **denied** and Defendant's motion is **granted.**

### SUMMARY JUDGMENT STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.,* 96 F.3d 813, 819 (6th Cir.1996); *Aiken v. The City of Memphis,* 37 F.3d 1155, 1161 (6th Cir.1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also, Terry Barr Sales Agency v. All Lock Co. Inc.,* 96 F.3d 174 (6th Cir.1996) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *see also, Terry Barr Sales*

*Agency,* 96 F.3d at 174; *Schaffer v. A.O. Smith Harvestore Products, Inc.,* 74 F.3d 722, 727 (6th Cir.1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley,* 896 F.2d 985, 993 (6th Cir.1989) (quoting *Matsushita Electric Ind. Co.,* 475 U.S. at 587, 106 S.Ct. 1348); *see also, Schaffer,* 74 F.3d at 727.

As the Sixth Circuit has recognized, recent Supreme Court decisions have encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line,* 979 F.2d 1171, 1173 (6th Cir.1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see also Bailey v. Floyd County Board of Education,* 106 F.3d 135, 140 (6th Cir.1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir.1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## BACKGROUND

Plaintiff claims to be the sole owner of two patents related to its production of seats and seat components. Asserting that Defendant was infringing its patents, Plaintiff sued Defendant in 1992. The case was settled in 1993, pursuant to which the parties entered into a Settlement Agreement and License (the "Agreement"). (Dkt. # 20, Exhibit 1).

In May 2000, Plaintiff brought suit, asserting that Defendant had breached the Agreement by: (a) failing to provide the written accounting statements required by the Agreement, (b) failing to pay royalties to Plaintiff as required by the Agreement, and (c) failing to provide accurate books of account giving full particulars of all business relating to the subject matter of the Agreement. (Dkt. # 20, Exhibit 2, ¶¶ 13, 23). Plaintiff also asserted in its complaint a claim for patent infringement. (Dkt. # 20, Exhibit 2, ¶¶ 26–38). That case was terminated earlier this year, pursuant to a settlement between the parties.

In the present action, filed in 2001, Plaintiff asserts a claim of patent infringement and, furthermore, seeks a declaratory judgment that its purported termination of the Agreement is both proper and effective. The present motions address only the latter issue.

I.  *Plaintiff Did Not Properly Notify Defendant of its Alleged Breach of the Agreement*

██ Plaintiff asserts that it properly terminated the Agreement pursuant to Section 5.02(a) of the Agreement, which provides that Plaintiff "shall have the right to terminate this license upon three (3) months notice to [Defendant] of its intention to do so if:

a) any payments provided herein shall be in arrears for more than forty-five (45) days after the same are due; or [1]

1. Defendant asserts that the word "or" was mistakenly inserted and is superfluous. It appears certain that one of the two words following the semicolon ("or" or "and") was improperly inserted. The relevant clause makes more sense if the "or" is "removed." If, on the other hand, the "and" is removed, it renders the latter clause of subsection (a) purely voluntary and superfluous. The conclusion that it is the word "or" which should be removed is supported by a letter addressing this particular section, written by counsel representing Defendant during the negotiation of the Agreement. (Dkt. # 20, Exhibit 8).

and such payments are not paid within forty-five (45) days after notice of such past due Payments is received by [Defendant] from [Plaintiff]."

It is clear that section 5.02(a) contemplates two separate types of notice: (1) notice of an alleged breach, and (2) notice of termination. In other words, before Plaintiff may properly terminate the Agreement, pursuant to subsection (a), it must first properly notify Defendant that its required payments are more than 45 days past due. This initial notification triggers the 45–day period within which Defendant may cure the alleged breach. Only after the 45–day cure period has passed (without a cure having been effected) may Plaintiff seek to terminate the Agreement, by providing notice of its intention to do so.

Plaintiff asserts that its complaint in the prior action (filed in May 2000) properly notified Defendant that it was in breach of the Agreement for its alleged failure to pay the royalties due under the Agreement. (Dkt. # 22 at 2–3). Claiming that Defendant failed to properly cure this alleged breach, Plaintiff sent to Defendant a letter, dated July 10, 2001, stating its intention to terminate the Agreement pursuant to Section 5.02(a) of the Agreement. (Dkt. # 20, Exhibit # 3).

As the initial notice is designed to provide Defendant with an opportunity to cure the alleged breach, such notice is "effective" and, therefore, proper only if affords Defendant a reasonable opportunity to cure. To conclude otherwise would improperly serve to eliminate from the Agreement the provision permitting such an opportunity. *See, e.g. Barton v. Tucker*, 2000 WL 33521048 at *2 (Mich.App.,

March 28, 2000) ("contracts must be read as a whole and give meaning to all the terms contained within"). Accordingly, Plaintiff's notification to terminate the Agreement is effective only if its initial notification of the alleged breach provided Defendant with an opportunity to cure.

The concept of cure implies that once notified of an alleged breach, the party having allegedly breached the agreement will have an opportunity, unfettered by the injured party, to properly fulfill its obligations thereunder. *See, e.g. Gjoni v. Home Depot, Inc.*, 2001 WL 225033 at *1 (S.D.N.Y., March 7, 2001); *Colonial Dodge, Inc. v. Miller*, 420 Mich. 452, 362 N.W.2d 704, 707 (1984). In this respect, initiating legal action regarding the subject of the alleged breach constitutes an impairment of the opportunity to cure, as has been recognized.

In *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), Hallstrom, a private citizen, initiated legal action asserting that the Tillamook County landfill was operating in violation of the Resource Conservation and Recovery Act (RCRA). *Id.* at 22–24, 110 S.Ct. 304. Pursuant to RCRA, every individual is required, at least 60 days prior to the initiation of any legal action, to notify the alleged violator, the State, and the Environmental Protection Agency of his intent to sue. *Id.* at 22, 110 S.Ct. 304. The purpose of this requirement is to afford those so notified an opportunity "to cure any violation." *Id.* at 24, 110 S.Ct. 304.

Asserting that Hallstrom failed to properly notify the State or the EPA prior to initiating his lawsuit, the County filed a

---

Such an interpretation is also consistent with section 5.02(b). Plaintiff, while not addressing this matter directly, appears to have adopted the same interpretation. *See* Dkt. # 22 at 2 (Plaintiff indicating that section

5.02(a) provides for a 45–day cure period). The Court finds, therefore, that the provision at issue should be read with the word "or" eliminated.

motion for summary judgment seeking the dismissal of Hallstrom's action. *Id.* at 23–24, 110 S.Ct. 304. After the County filed its motion for summary judgment, Hallstrom notified the State and the EPA. Concluding that the "agencies would then have 60 days to take appropriate steps to cure any violation," the District Court denied the County's motion. *Id.* at 24, 110 S.Ct. 304. The Ninth Circuit Court of Appeals, however, ruled that Halstrom's failure to properly notify the relevant entities *before* filing his lawsuit warranted dismissal of his lawsuit. *Id.* at 24–25, 110 S.Ct. 304.

The Supreme Court agreed with the Ninth Circuit that Hallstrom's action must be dismissed for his failure to comply with RCRA's notification requirement. In so ruling, the Court noted that one of the purposes for the notification requirement was to give "the alleged violator 'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Id.* at 29, 110 S.Ct. 304 (citation omitted). The Court further observed that the opportunity for cure or resolution of the alleged violation "would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies." *Id.* In other words, the timing of Hallstrom's lawsuit prevented the relevant entities from undertaking to cure the alleged violation, without the need for litigation. The Court recognizes that the *Hallstrom* decision focused primarily on the Supreme Court's interpretation of a particular federal statute, not presently at issue. Nevertheless, at least one court has relied upon *Hallstrom* to address the issue which is presently before the Court.

In *Begley v. Peabody Coal Co.*, 2000 WL 148212 (7th Cir., Feb.2, 2000), Begley initiated legal action regarding a dispute over the proper amount of royalty payments due under coal leases into which the parties had entered. As part of this suit,

Begley sought an award of attorney fees pursuant to a provision of the lease which provided that "if Peabody fails to pay proper royalties, 'and if such default shall continue for a period of thirty (30) days after written notice by the Lessors', then the lessors are entitled to recover reasonable attorney fees in any ensuing litigation." *Id.* at *2.

While Begley failed to provide Peabody with the 30–day notice expressly required by the lease, Begley asserted "that the complaint filed in this lawsuit acts as the notice contemplated by the lease." The district court ruled otherwise, "concluding that notice under the lease is designed to *prevent* litigation by giving Peabody 30 days to cure." Inherent in this conclusion is the corollary observation that by initiating its lawsuit Begley deprived Peabody of its right (expressly articulated in the lease) to cure the alleged breach. The Seventh Circuit, relying in part on the *Hallstrom* decision, agreed with the district court, concluding that "judges do not equate lawsuits with 'notice.'" *Id.*

■ That *Begley* addressed attorney fees rather than termination of a contract is of no consequence. The decision in *Begley* (relying upon the decision in *Hallstrom* ) stands for the proposition that where an agreement requires that one party be given an opportunity to cure (upon sufficient notice) prior to the other party gaining a particular "right" (e.g., the right to attorney fees or the right to terminate the agreement), the injured party's filing of a lawsuit does not constitute proper notification of the allegedly breaching party's need to cure and, furthermore, interferes with that party's opportunity to cure.

### CONCLUSION

For the reasons articulated herein, the Court concludes that the method by which Plaintiff "notified" Defendant of its alleged

breach of the Agreement failed to afford Defendant an opportunity to cure the alleged breach. In short, Plaintiff failed to properly notify Defendant of its alleged breach. Accordingly, Plaintiff's subsequent attempt to terminate the Agreement cannot be given effect. The Court, therefore, denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

## ORDER AND PARTIAL JUDGMENT

With the consent of the parties pursuant to 28 U.S.C. 636(c)(1), the parties' motions for summary judgment were referred to me by the Honorable Richard Alan Enslen. Consistent with the Opinion entered this day:

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Partial Summary Judgment* (Dkt.# 17) is **DENIED,** and Defendant's *Motion for Summary Judgment.* (Dkt.# 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that Count 1 of Plaintiff's Amended Complaint is **DISMISSED with prejudice.**