NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON SCHMIDT,

           Plaintiff - Appellant,

  v.

CITY OF SEATTLE; et al.,

           Defendants - Appellees.

No. 08-36016

D.C. No. 2:08-cv-00105-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 6, 2009
Seattle, Washington

Before: ALARCÓN, KLEINFELD and CLIFTON, Circuit Judges.

In this 42 U.S.C. § 1983 civil rights action, Jason Schmidt appeals from the

grant of summary judgment in favor of the City of Seattle and Chief Gil

Kerlikowske, Officer Richard Zurcher and Lieutenant Donnie Lowe of the Seattle

Police Department who were sued in their individual and official capacities. We

---

    [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand for further proceedings.

## I

Schmidt contends that Officer Zurcher and Lieutenant Lowe violated his federal constitutional right to participate in a street parade that had been authorized by the City of Seattle. *See Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 515 (1939) (Citizens of the United States have right to assemble in public areas to discuss views on public questions as part of their "privileges, immunities, rights and liberties"). The district court concluded that Officer Zurcher and Lieutenant Lowe were entitled to qualified immunity based on the declarations they filed in support of their motion for summary judgment. In its order granting summary judgment, the district court stated that

> Officer Zurcher observed plaintiff meandering down one
> of the west lanes of Fourth Avenue. Westlake Park is on
> the east side of Fourth Avenue, and Plaintiff did not
> appear to be heading in the direction of the A.N.S.W.E.R.
> rally. Plaintiff was not near the participants of the march,
> and he did not have any obvious impairment that might
> have inhibited his ability to keep up with the march.

Schmidt filed a declaration in response to the defendants' motion for summary judgment in which he alleged

I was clearly and obviously part of the march. I had no intention of stopping or blocking traffic, and never did so. I was at the tail end of the march as we approached Westlake Plaza, where a rally and some speakers were planned. . . . There were other marchers also in this tail end, also on the street, in my immediate vicinity.

The accounts submitted by Schmidt and the officers of what led to Schmidt's arrest are clearly in conflict. Summary judgment cannot be granted where a genuine issue of material fact is in dispute. Fed R. Civ. P. 56(c). The district court violated Rule 56(c) by failing to consider the facts in the light most favorable to Schmidt as the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion."). It follows, therefore, that we must vacate the order holding that Officer Zurcher and Lieutenant Lowe were entitled to summary judgment.

## II

The district court did not err in granting summary judgment under Rule 56(c) in favor of the City of Seattle and Chief Kerlikowske because Schmidt failed to demonstrate that the City and Chief Kerlikowske engaged in a pattern or practice of arresting march participants, or that they failed adequately to train,

supervise, or discipline their officers. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (To show a failure to train police officers, a plaintiff must present evidence that "(1) he was deprived of a constitutional right, (2) the City had a training policy that amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are likely to come into contact; and (3) his constitutional injury would have been avoided had the City properly trained those officers.") (internal quotation marks omitted). Schmidt has not presented any evidence of a pattern or policy amounting to deliberate indifference, nor has he presented evidence that the alleged constitutional violation was a result of a failure to train the officers.

Supervisors are only personally liable for damages under 42 U.S.C. § 1983 when the evidence shows that they participated in, directed, or knew of the alleged constitutional violations, and failed to intervene to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). There is no evidence in the record that Chief Kerlikowske had any knowledge nor any personal participation in any of the alleged constitutional violations.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each party shall pay its own costs.